UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br>v.<br><br>KURTIS LEE SOLOMON,<br><br>Defendant. | Case No. 3:22-CR-00022-ART-CSD<br><br>ORDER ON MOTIONS IN LIMINE<br>(ECF Nos. 130, 131) |

Before the Court are motions in limine filed by both the Government (ECF No. 130) and Defendant (ECF No. 131), seeking to preclude the introduction of certain evidence at trial. The Court will address each motion in turn.

**I.   Government's Motion to Preclude Introduction of Witness V.F.'s Prior Arrests and Misdemeanor Convictions (ECF No. 130)**

**A. Prior Convictions**

The Government argues that V.F.'s prior misdemeanor convictions are inadmissible under FRE 609. Under FRE 609(a)(2), misdemeanor convictions are admissible for impeachment purposes if the court can "readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Additionally, a misdemeanor conviction over 10 years old is only admissible if its probative value substantially outweighs its prejudicial effect. FRE 609. The Government seeks to preclude inquiry into V.F.'s prior convictions for DUI, possession of controlled substances, obstruction/resisting, burglary, and grand theft by embezzlement.

**1) Probative of Character for Truthfulness or Untruthfulness**

V.F.'s convictions for DUI, possession of controlled substances, obstruction/resisting and burglary, are not probative of his character for truthfulness or untruthfulness, and are inadmissible for this impeachment

1

purpose under FRE 609.

V.F.'s 2008 conviction is for grand theft by embezzlement. (ECF No. 136.) Embezzlement under the California Penal Code 503 is defined as "the fraudulent appropriation of property by a person to whom it has been intrusted [sic]," and thus contains an element of dishonesty. Thus, this conviction is probative of V.F.'s character for truthfulness or untruthfulness.

### 2) FRE 403 Balancing

V.F.'s grand theft by embezzlement conviction is over ten years old. The Government argues that attacking V.F's credibility does not offer anything probative to the defense. Defendant responds that credibility is always probative, citing *Williams v. Borg*, 139 F.3d 737, 741 (9th Cir. 1998). The Court agrees. V.F.'s prior conviction for grand theft by embezzlement is probative of his character for truthfulness, which is not outweighed by any prejudicial effect the fact of this conviction may have.

The Government argues that introduction of V.F.'s conviction for grand theft by embezzlement would be prejudicial because it would allow Defendant to question his motives for gaining access to Defendant's laptop, and the parties have already agreed that the Government will not introduce evidence of V.F.'s actual motivations for doing so. Given this agreement, it seems unlikely that Defendant will use evidence of V.F.'s conviction for this purpose. This rationale does not preclude Defendant from bringing in V.F.'s embezzlement conviction to attack his credibility more generally.

V.F.'s grand theft by embezzlement conviction is thus admissible to attack V.F.'s credibility generally under FRE 609.

### B. Prior Arrests and Underlying Conduct

FRE 608 permits the court to allow inquiry into specific instances of conduct if they are probative of the witness's character for truthfulness or untruthfulness. The Government argues that V.F.'s prior arrests (as well as his

2

misdemeanor convictions other than grand theft by embezzlement) are inadmissible under FRE 608, because none of them are probative of his character for truthfulness.

Defendant argues that while the prior arrests and V.F.'s other prior convictions themselves may not be admissible, Defendant may cross examine V.F. about the specific instances of conduct underlying his convictions and arrests so long as they do not introduce the conviction. Additionally, Defendant argues that several grounds for impeachment may permit them to bring in extrinsic evidence of those instances of conduct. Defendant argues that the Court should defer on these rulings, as it is unknown which may arise during trial depending on V.F.'s testimony.

The Court agrees with the Government that V.F.'s arrests (as well as his misdemeanor convictions other than grand theft by embezzlement) are not themselves admissible for impeachment under FRE 608 alone. While the Court agrees with the Defense that specific instances of conduct underlying the convictions and arrests may be admissible under FRE 608 if probative of the witness's character for truthfulness or untruthfulness, the Court finds that the Defense has not shown at this stage how any of this prior conduct would be probative of V.F.'s character for truthfulness or untruthfulness under FRE 608. For that reason, the Court will defer ruling on whether Defendant may cross-examine V.F. regarding the conduct underlying his prior convictions.

## II. Defendant's Motion to Preclude Statements Made by Special Agent Ely During Interview with Defendant (ECF No. 131)

Defendant argues that certain statements made by Special Agent Ely during an interview with Defendant are inadmissible under FRE 401, 402, 403, and/or 404. The Government argues that these statements are necessary to contextualize the Defendant's responses. The Court will address the admissibility of each statement.

### A. Statement 1

SA Ely: <u>So you know just like I do, these are investigations that we do all the time—that stuff doesn't just pop up. You're searching for the child pornography to find it…you can't—it doesn't just pop up and show you. So, right?</u>[1]

Solomon: Mm-hmm.

The Court finds that SA Ely's statements in this exchange are more prejudicial than probative and thus must be excluded under FRE 403. SA Ely's statement is relevant to the question of whether images just "pop up" or must be searched for. Although the Government argues that SA Ely's statement provides important context for Defendant's answer, Defendant's answer "Mm-hmm" is so ambiguous that the question becomes more important than Defendant's response and is thus not probative. SA Ely's statement is highly prejudicial because it suggests, from a non-expert, that images do not pop up, so it would be impossible for Defendant to have viewed child porn without searching for it. This statement is thus inadmissible.

### B. Statement 2

SA Ely: "…if you're looking for 5 year old girl having sex with dad—whatever it is, that's also going to show up, so all of those terms and everything you're typing in, he's also able to tell. Even if you delete it. So even if you delete it, and it goes into deleted space, we can still pull up all that deleted information too. So that's kinda why I'm here talk to you today, if you did, if you were in there searching for it and searching for it, looking it up, now is the time to say something. If it only happened because you were viewing something and then it popped up, then you can say—if that's what happened, then let us know that too <u>but that's very hard to believe because in all of the cases that I've worked, which I've been doing this over ten years, it doesn't just pop up.</u>"

Solomon: Yeah…you have to—what? You have to be searching for it….

---

[1] The precise statements which the Court has deemed inadmissible are underlined throughout this order.

4

>SA Ely: Yeah.
>
>Solomon: Like I said, but it does pop up when you start looking through [indiscernible] go through teens, stuff like that.

The Court finds that the underlined portion of SA Ely's statement is inadmissible because it is more prejudicial than probative and thus must be excluded under FRE 403. For the same reasons stated above, SA Ely's statement fails the FRE 403 balancing test. It is highly prejudicial because it suggests her expertise and questions his credibility, and it is not necessary context to understand Defendant's response. This portion of the statement is therefore inadmissible.

### C. Statement 3

>SA Ely: You've already told us that you've viewed the child pornography, <u>you've searched for it before</u>, you've seen it when you searched for other things, but it's not something that you can just voluntarily find so—<u>I mean I think you are being forthcoming with us and you're telling us some stuff, but I don't think you're telling me the whole truth.</u>
>
>Solomon: What do you mean?
>
>SA Ely: <u>I think that there's more.</u>
>
>Solomon: You think I've got sites saved? I mean I've got sites I told you under favorites that I could get to 'em real easy. But I also don't have any folders or anything like that that I have saved.
>
>SA Ely: So when you have sites—are these sites child pornography sites?

Three statements made by SA Ely in this section of the interview are inadmissible. The Court finds that the portion of this statement in which SA Ely states "You've already told us that…you've searched for it before" is inadmissible because it misstates the evidence – upon review of the recording, Defendant did not state that he had searched for child pornography specifically. This statement therefore has little to no probative value under FRE 403, and is highly prejudicial.

5

1  The statements, "I don't think you're telling me the whole truth" and "I think that
2  there's more" are both prejudicial and unnecessary context to understand
3  Defendant's eventual response that he has sites saved. These three statements,
4  as underlined above, are therefore inadmissible.

### D. Statement 4

SA Ely: <u>So basically you're going on, you're finding something that you like, whatever it is, you're masturbating to it, and then…</u>

Solomon: No, I go back and then I—most of the time go off and then go to a regular adult porn site. So if I masturbate, it will be to adult porn sites.

SA Ely: So I am a little confused why you would even search children if you're not sexually aroused by looking at children.

Solomon: I don't know why I go through it…it's more like kinda going through it and then I go back to regular sites because, ya know…

The Court finds that the first statement made by SA Ely in this portion of the interview is inadmissible because it is irrelevant under FRE 401 and fails balancing under FRE 403. Whether or not Defendant masturbated to child pornography does not bear upon any element of the charged offenses and is therefore not probative. This portion is thus irrelevant, as well as unduly prejudicial in that it discusses Defendant's masturbation habits. SA Ely's statement underlined above is therefore inadmissible.

However, SA Ely's next statement, "So I am a little confused why you would even search children if you're not sexually aroused by looking at children" is admissible because the statement is necessary to understand Defendant's response, which is probative because he states that "I don't know why I go through it…." The probative value of this statement outweighs the prejudice caused by the admission of SA Ely's preceding statement.

//

6

### III. Admissibility of Child Pornography Images

At the Calendar Call on November 26, 2024, the Court granted Defendant leave to file a reply to the Government's response brief, solely on the issue of admissibility of images of child pornography. Accordingly, Court defers a decision on this issue and will issue a separate order at a later date.

### IV. CONCLUSION

It is therefore ordered that the Government's motion in limine (ECF 130) is GRANTED IN PART.

It also ordered that Defendant's motion in limine (ECF 131) is GRANTED IN PART.

The Court defers decision on the admissibility of images of child pornography for a future order.

Dated this 27th day of November, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE