UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br>v.<br>KURTIS LEE SOLOMON,<br><br>Defendant. | Case No. 3:22-CR-022-ART-CSD<br><br>ORDER ON GOVERNMENT'S MOTION TO RECONSIDER (ECF No. 153) AND MOTION FOR LEAVE TO FILE A SUR-REPLY (ECF No. 152) |

Before the Court is the Government's motion to reconsider the Court's order (ECF 150) granting in part Defendant's motion in limine. (ECF No. 153.) For the reasons outlined below, the Court GRANTS IN PART the Government's motion for reconsideration.

Also before the Court is the Government's motion for leave to file a sur-reply. (ECF No. 152.) Defendant filed a response opposing the motion. (ECF No. 155.) For the reasons outlined below, the Court GRANTS the Government's motion to file a sur-reply.

**I.    Motion for Reconsideration**

"The Federal Rules of Criminal Procedure make no specific provision for motions for reconsideration of a motion to exclude evidence. However, generally, a motion for reconsideration may be brought under Rule 59(e)." *United States v. Larkin*, 2016 WL 155010, at *1 (D. Nev. Jan. 13, 2016). "'Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004) (quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

1

## II. Analysis

The Government argues that the parts of the Court's order were clearly erroneous. Specifically, the Government argues that the Court's order as to the inadmissibility of Statement 1, parts of Statement 2, and parts of Statement 4, are clearly erroneous and should be reconsidered.

### Statement 1

The Court declines to reconsider its ruling on Statement 1. The Government argues that the risk of unfair prejudice can be mitigated by redacting SA Ely's first sentence and admitting only the second sentence. The Court remains concerned that the second statement implies as a matter of fact, from a non-expert, that images can never pop up and must be searched for. This is more prejudicial than probative.

### Statement 2

The Court declines to reconsider its ruling on Statement 2. The Government argues that a portion of the stricken statement – "it doesn't just pop up" should be admissible because it provides "absolutely necessary context" to understand Defendant's response. The Court disagrees because the preceding admissible portion of SA Ely's statement provides sufficient context by inviting Defendant to explain whether he searched for certain images or they just popped up.

### Statement 4

The Court will reconsider its ruling on Statement 4:

SA Ely: So basically you're going on, you're finding something that you like, whatever it is, you're masturbating to it, and then…

Solomon: No, I go back and then I—most of the time go off and then go to a regular adult porn site. So if I masturbate, it will be to adult porn sites.

SA Ely: So I am a little confused why you would even search children if you're not sexually aroused by looking at children.

      Solomon: I don't know why I go through it…it's more like kinda going through it and then I go back to regular sites because, ya know…

The Court's order determined that SA Ely's first statement, "So basically you're going on, you're finding something that you like, whatever it is, you're masturbating to it, and then…" was inadmissible because whether Defendant masturbated to child porn is irrelevant to the charges, and the statement was highly prejudicial. (ECF No. 150 at 6.)

The Government argues that the Court's order is clearly erroneous because whether Defendant masturbated to child pornography bears upon both knowledge and intent. "The notion that Defendant's masturbation to child pornography does not tend to prove he knowingly and intentionally viewed child pornography is clearly erroneous, particularly in this case where Defendant claims it was an accident." (ECF No. 153 at 4.)

The Court agrees in part. While it is true that whether Defendant masturbated to child pornography is not itself an element of the charged offense, such evidence may have another proper purpose, such as showing knowledge and intent. SA Ely's statement is helpful to understand the Defendant's response, in which he says "No" and then that he "most of the time" "goes to a regular porn site." Therefore, the Court will grant the Government's motion for reconsideration as to this statement. The entirety of Statement 4 is admissible.

**Cross Examination**

Finally, the Government argues that the Court should permit Defendant, if he testifies, to be cross-examined using the entirety of the recorded interview. The Government did not raise this argument in the response to Defendant's motion in limine. The Court will defer on this decision until the Government seeks to use the statements on cross-examination at trial.

**III.    Motion for Leave to File Sur-Reply**

At the November 26, 2024 Calendar Call, the Court granted Defendant

leave to file a reply to the Government's response to Defendant's motion in limine. (ECF No. 142.) Defendant timely filed said reply. (ECF No. 151.) The Government then filed a motion for leave to file a sur-reply to Defendant's reply. (ECF No. 152.) The Government argues that a sur-reply is warranted because Defendant objected for the first time to the admission of child pornography images in his reply.

The Court finds that there is good cause for a sur-reply and grants the Government's motion. While Defendant's motion in limine indicated his intent to object to the introduction of the images, it was in his reply brief that he articulated the basis for exclusion with supporting case law after viewing the images. The Government's response to those arguments is helpful to the Court.

**IV.   Conclusion**

It is therefore ordered that the Government's motion for reconsideration (ECF No. 153) is GRANTED IN PART.

It is further ordered that the Government's motion for leave to file a sur-reply (ECF No. 152) is GRANTED.

Dated this 3rd day of December, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE