UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:22-CR-00022-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| KURTIS LEE SOLOMON, | |
| Defendant. | |

### I.   Admissibility of Exhibits Containing Child Pornography Images

The Government seeks to introduce exhibits at trial which contain images of child pornography. Defendant objects not to the introduction of any images, but to the volume of images the Government proposes (6 unredacted and 80 redacted images).

Defendant filed a proposed stipulation, which the Government did not accept. The Defendant offers to stipulate that the 413 files found in the web cache on the ACER laptop computer serial number NXMKBAA00741600FC3400 constitute child pornography as defined in Title 18, United States Code, Section 2256(8), as well as that these web cache files include at least one image of a prepubescent minor or a minor who had not attained 12 years of age. (ECF 162-1.)

Courts, including the Ninth Circuit, have generally held that under *Old Chief v. U.S.*, 519 U.S. 172 (1997), the Government is permitted to introduce limited images of child pornography in criminal cases regarding receipt and/or possession of child pornography, even where a Defendant has stipulated or offered to stipulate that the images contain child pornography. *U.S. v Ganoe*, 538 F. 3d 1117, 1123-1124 (9th Cir 2008); *U.S. v. Morales-Aldahondo*, 524 F.3d 115,

1

120 (1st Cir 2008); *U.S. v. McCourt,* 468 F.3d 1088, 1091 (8th Cir. 2006); *see also United States v. Walsh,* 796 Fed.Appx. 337, 338-339 (9th Cir. 2019); *U.S. v. Kowaleski,* 593 Fed.Appx. 645, 645-646 (9th Cir 2015). Additionally, even when a stipulation as to the content of images is present, the images may still be probative of another aspect of the charge, such as knowledge or intent. *Ganoe,* 538 F. 3d at 1123-1124; *Morales-Aldahondo,* 524 F.3d at 120; *U.S. v. Hay,* 231 F.3d 630, 638-639 (9th Cir. 2000); *U.S. v. Dodds,* 347 F.3d 893, 899 (11th Cir. 2003). At the same time, the Court must take into account an offered stipulation in analyzing under FRE 403 whether the probative value of the images outweighs its prejudicial effect. "*Old Chief* held that a defendant's offer to stipulate to an element of a crime is relevant evidence that must be factored into a district court's analysis under Rule 403 " *United States v. Merino-Balderrama,* 146 F.3d 758, 762 (Citing *Old Chief,* 519 U.S. at 186.) The quantity and substance of the images also must be considered in weighing the admission of these images under FRE 403. *See e.g. Ganoe,* 538 F. 3d at 1123-1124; *Merino-Balderrama,* 146 F.3d at 761-763 (9th Cir. 1998).

    The Court finds that admission of a limited number of images is appropriate under FRE 403. The defense concession that all of the images meet the statutory definition of child pornography is significant in that it eliminates the need for the Government to prove that fact. The Court agrees with the Government however that the images remain probative of the Defendant's knowledge, intent, and lack of mistake as to age. Specifically, the Government argues that images of young children could rebut Defendant's statement that such images popped up, appeared accidentally without him searching for them, or appeared when searching of images of teens. Some of these images match descriptions of what Defendant has previously stated he saw on his computer. The dates certain were files saved to the Defendant's computer may also be relevant.

Several measures are considered to mitigate prejudice. The Government has identified redacted images that have blacked out obscene content but in which the ages of children are visible. Such redacted images, which are graphic and highly prejudicial but would be less inflammatory to the jury, remain probative of knowledge and intent. To the extent the Government seeks to show that certain images are representative, expert testimony identifying images similar those shown to the jury could be offered in lieu of additional images.

**Admissible Images:**

To aid in deciding on the admissibility of images, the Court ordered the Government to provide a list of their top 15 images with descriptions. (ECF No. 158.) The Court will permit the following exhibits from the Government's list, to be introduced at trial. The images may each be displayed briefly to the jury. The Court denies admission of the remaining images as redundant and more prejudicial than probative.

**1. Exhibit 54-a f_001224 (unredacted gif/video) – Government List #1**

This video is probative of Defendant's knowledge, including lack of mistake as to age, and corroborates statements the Defendant made.

**2. Exhibit 47-a f_00123a (unredacted gif/video) – Government List #3**

This video is probative of Defendant's knowledge, including lack of mistake as to age, and corroborates statements the Defendant made.

**3. Exhibit 51-a f_000b21 (redacted image) - Government List #6**

This image is probative of the Defendant's knowledge because it contains the word "pedo," as well as probative as to lack of mistake as to age. The fact that it came from the same website as other images may be relevant to intent.

**4. Exhibit 49-a f_000afa (redacted image) - Government List #7**

This image is probative of the Defendant's knowledge and lack of mistake because of its title, which describes a six-year-old daughter.

**5. Exhibit 53-p f_000b1f (redacted image) - Government List #14**

     This image is probative of the Defendant's knowledge and intent because it contains the language "Oral Pedo Adventures." It also corroborates statements the Defendant made.

**6. Exhibit 53-o f_000b1e (redacted image) - Government List #15**

     This image is probative because it tends to match search criteria found on Defendant's laptop. It is not duplicative because it differs in substance from the other admissible images.

     Additionally, as discussed on the record on December 4, 2024, the Court has determined that Exhibit 38-a f_001239 (unredacted gif/video) – Government List #5 is more prejudicial than probative. The Court offered to allow the Government to propose a different image depicting a baby, but the Government declined to do so. However, if the Government would like to propose a different image which depicts a baby, the Court will entertain this request.

## II.    Permanent Sealing and Presentation of Child Pornography Exhibits

     The Government has requested that the exhibits containing images of child pornography admitted at trial be permanently sealed, and that these exhibits not be viewable by the courtroom audience during their presentation at trial. (ECF No. 144 at 12-16). Specifically, the Government proffers that it is required under 18 U.S.C. § 3509(d)(2), "All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order." The Court agrees that because the images contain unredacted faces of child victims and it is not possible for the government to redact the images to a point where the identifying information of the victims is eliminated, the images introduced at trial should be permanently sealed.

     For the reasons stated, these exhibits will be kept under permanent seal. The Clerk's office is directed to hold the exhibits at the conclusion of the trial in its sealed records room. Pursuant to 18 U.S.C. § 3509(d)(2)(B), the Government

is ordered to file a version of each exhibit "with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record."

Additionally, the Court will grant the Government's request to restrict the display of these images at trial so that they are not viewable by the audience. "[T]he right to an open trial may give way in certain cases to other rights or interests, such as the defendant's right to a fair trial or the government's interest in inhibiting disclosure of sensitive information." *Waller v. Georgia*, 467 U.S. 39, 46 (1984). The Court finds that here, the interest in inhibiting disclosure of the sensitive nature of child pornography images containing the faces of victims outweighs the public's interest in viewing these images at trial. *See United States v. Killingbeck,* 616 F. App'x 14, 16 (2nd Cir. 2015) (trial court did not err in granting Government's request not to display child pornography images on monitors viewable by audience during trial).

Accordingly, these exhibits will be displayed on the courtroom screens to the jury, parties, the witness, and counsel, but the courtroom's audience screen will be off during the presentation of exhibits containing child pornography images.

### III.   Conclusion

It is therefore ordered that the Clerk's office is directed to hold the exhibits on page 3-4 of this order at the conclusion of the trial in its sealed records room.

It is further ordered that pursuant to 18 U.S.C. § 3509(d)(2)(B), the Government is ordered to file a redacted version of each exhibit.

Dated this 4th day of December, 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

5