UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:22-CR-00022-ART-CSD |
| Plaintiff, | ORDER ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL & MOTION TO DISMISS COUNT I. |
| v. | |
| KURTIS LEE SOLOMON, | (ECF Nos. 194, 196) |
| Defendant. | |

Before the Court is Defendant's motion for judgment of acquittal or alternatively, for a new trial (ECF No. 194), and Defendant's motion to dismiss Count I (ECF No. 196). For the reasons outlined below, the Court DENIES both motions.

## I.    Factual Background

Defendant Kurtis Lee Solomon was initially charged by a single-count indictment with possession of child pornography, a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). (ECF No. 1.) In 2024, the Government charged him by superseding indictment with receipt and possession of child pornography stemming from the same conduct. (ECF No. 91.) The superseding indictment for Count I, Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), charged "Beginning on or about a date unknown to the Grand Jury and continuing up to and including on or about September 9, 2021," Defendant "knowingly received child pornography." (*Id.*) The superseding indictment for Count II, Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2), described the same date range but instead charged that Defendant "knowingly possessed, and accessed with intent to view" child pornography. (*Id.*)

The case proceeded to six-day trial in December of 2024. At trial, the Government presented evidence that images containing child pornography were

found in the internet cache of Defendant's personal laptop. The Government's expert, Detective Adam Harris, testified that all of the child pornography images found on Defendant's computer were in the internet cache. (ECF No. 190 at 122, 160.) His forensic analysis of Defendant's laptop revealed 303 unique images of child pornography in Defendant's internet cache with a date range of "several months." (*Id.* at 123.) The Defendant's expert did not contest this finding, nor did the Defendant contest that these were images of child pornography. (ECF No. 192 at 24-25, 127-28.)

Detective Harris explained during testimony that when an internet browser is open on a computer, the computer will automatically cache images displayed on the web page. (ECF No. 190 at 35-36.) These images are saved to the internet cache the moment a webpage is loaded. (*Id.* at 192.) Cache files, as well as files located in unallocated space, are not accessible to an average computer user. (*Id.* at 36, 40.) Files in unallocated space are files which have been deleted, either by the user or by the computer system itself. (*Id.* at 40, 162-63.)

The Government introduced four of the images to the jury in the form of redacted and unredacted still images and gifs of child pornography. (Gov. Exhibits 47a, 49a, 51a, and 54a.) For each of these images, the Government introduced a "data sheet" showing when the image was created in the cache and when it was last visited. (Gov. Exhibits 47b, 49b, 51b, 54b.) According to the data sheets, the four images were saved to the internet cache between September 7 and September 9, 2021, and were all last visited the morning of September 9, 2021. (*Id.*) Detective Harris also testified about the data from three other images found in the cache that he identified as child pornography; each was visited on September 9, 2021. (ECF No. 190 at 104, 109, 190-91; Gov. Exhibits 43b, 46b, 39b.)

Detective Harris testified that the forensic analysis revealed visits to certain website URLs that were associated with these images of child pornography, with

visit dates up to and including September 9, 2021, for several of the images. (ECF No. 190 at 105, 113-14, 143; Gov. Exhibits 41, 48a, 48b, 55.) The website titles for some of these visits included child pornography related terms. (ECF No. 190 at 106-07, 112-13.) Detective Harris testified that analysis of Defendant's computer revealed internet searches for child pornography related terms in June of 2021, and other undated internet searches for child pornography related terms. (*Id.* at 59-64.) Detective Harris also testified that the analysis revealed web visit history to sites that contained child pornography related titles between June and September 2021. (*Id.* at 65-68; Gov. Exhibits 25-30.) Finally, Detective Harris testified that the titles of several websites in the computer's bookmarks/favorites bar included terms associated with child pornography. (ECF No. 190 at 69-72; Gov. Exhibits 31a-b.) Specifically, Detective Harris testified that websites saved to the favorites bar on June 16, 2021, and August 3, 2021, had titles with language associated with child pornography. (ECF No. 190 at 72.) One site in particular, favorited on June 16, 2021 and titled "XXX JAILBAIT & TEEN VIDEO MIX" had a strawberry icon next to the title on the favorites list. (*Id.* at 73.)

The Government also introduced at trial an interview law enforcement conducted with the Defendant on September 9, 2021. (Gov. Exhibit 56.) During the interview, the Defendant admitted that he had seen child pornography images on his computer over the past three to four months. (*Id.*) The Defendant stated that the last time he had seen child pornography on his computer was that morning. (*Id.*) While the Defendant repeatedly asserted that he did not search for child pornography and that it "popped up" while looking at adult pornography, he also stated that he had "go[ne] through it" and "look[ed] through" it:

> AGENT ELY: So you are down—you're looking at the child stuff, and then are you sexually aroused by it?
>
> KURTIS SOLOMON: Not really. I keep going through it for a while because I get kind of—look at it and…

1

2
. . .

AGENT ELY: Okay. So I'm a little confused as to why you
would even search children then if you're not sexually
aroused by looking at children.

3

KURTIS SOLOMON: I don't know why I go through it.
You know, it's—the more...

4

5

(*Id.*) He also stated that there were sites containing child pornography in his

6

favorites:

7

8
AGENT ELY: So everything that you're viewing, so all of
the child stuff that you've seen is going to be on
strawberry.com?

9

10
KURTIS SOLOMON: It—it would probably be one of
them, yeah. It would be strawberry or it'd be, uh, what's
that—um, I don't know what the other one was. A lot of
times I'll hit a favorite and I—and it just sits there and I
never got back into it again—

11

12

13
. . .

14
AGENT ELY: So are you saving any of this stuff in
folders?

15
KURTIS SOLOMON: In folders?

16
AGENT ELY: Yeah, like are you creating a folder and is
it going to be saved in a certain folder? Like, if he's
looking on there, is there a folder that we need to look
at? [referring to forensic analyst]

17

18

19
KURTIS SOLOMON: The only thing it will be under
would be under "favorites" or something—

20
. . .

21
KURTIS SOLOMON: You think theres—I've got sites
saved? I mean, I've got—I've got sites I told you on the
"favorites" that I can get to them real easy.

22

23
. . .

24
AGENT ELY: ...So there is child pornography sites that
are saved in your "favorites" that you can click on and
then it will just...

25

26
KURTIS SOLOMON: Yeah.

27

28
(*Id.*)

4

The jury found Defendant guilty of Count II for possession. The jury did not render a verdict as to Count I for receipt, resulting in a mistrial on that count. Defendant moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29 at the close of the Government's case in chief and renewed the motion at the close of the defense's case, as well as after the Government's rebuttal. The Court reserved ruling on the motion. After trial, Defendant renewed his motion for a judgment of acquittal under Rule 29. In the alternative, Defendant moves for a new trial under Federal Rule of Criminal Procedure 33.

## II.    Defendant's Motion for Judgment of Acquittal on Counts I and II

### A. Rule 29

Under Rule 29(c)(2), after a jury returns a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal. Fed. R. Crim. P. 29(c)(2). Defendant moves for a judgment of acquittal on both counts based on insufficiency of the evidence. In evaluating such a motion, a court must ask whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hursh*, 217 F.3d 761, 767 (9th Cir. 2000) (internal quotations omitted). "[A]ny conflicts in the evidence are to be resolved in favor of the jury's verdict." *United States v. Alvarez-Valenzuela*, 231 F.3d 1198, 1201–02 (9th Cir. 2000).

In analyzing Defendant's Rule 29 motion, the Court first analyzes the sufficiency of the evidence supporting the jury's conviction on possession of child pornography (Count II) and then turns to the sufficiency of the evidence of receipt of child pornography (Count I) on which the jury did not reach a verdict.

### B. Count II: Possession of Child Pornography

The jury instructions provided that the Defendant could be convicted of possession under U.S.C. § 2252A(a)(5)(B) if he "knowingly possessed, or

knowingly accessed with intent to view" child pornography. (ECF No. 181 at 15.)[1] Thus, Defendant's conviction must be sustained if there was sufficient evidence that he either knowingly possessed child pornography *or* knowingly accessed the internet with intent to view child pornography. Here, the Court finds that there is sufficient evidence to support Defendant's conviction for possession based on his having accessed with intent to view child pornography.

Section 2252A(a)(5)(B) prohibits possession of child pornography. Prior to 2008, the statute made it a crime to "knowingly possess[]" child pornography. The statute does not define what it means to "possess." The Ninth Circuit has interpreted the term "possession" in the context of 18 U.S.C. § 2252A as the "exercise[] of dominion and control." *United States v. Romm*, 455 F.3d 990, 999 (9th Cir. 2006) (citations omitted). In 2008, the statute was amended to prohibit "knowingly possessing, or knowingly accessing with intent to view" child pornography. 18 U.S.C. § 2252A(a)(5)(B). Post-amendment, a conviction under 2252A(a)(5)(B) for possession can be sustained under either the theory that a Defendant "knowingly possessed" or "knowingly accessed with intent to view."

### 1. Knowing Possession Before 2008

Before the 2008 amendment, Ninth Circuit law held that to prove "knowing

---

[1] The full jury instructions for Count II stated, "For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt: First, that the defendant knowingly possessed, or knowingly accessed with intent to view, a book, magazine, periodical, film, videotape, computer disk, or any other material that contained an image of child pornography; Second, that the defendant knew that the material contained child pornography; and  Third, that the image of child pornography had been mailed, shipped, or transported using any means or facility of interstate or foreign commerce [Internet] or in or affecting interstate or foreign commerce by any means, including by computer, or that the image was produced using materials that had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. In addition, with regard to Count Two, you must consider whether the government has proven beyond a reasonable doubt that at least one of the visual depictions involved a prepubescent minor or a minor that has not attained the age of 12 years." (ECF No. 181 at 15.)

6

possession" of child pornography, the Government must prove that the defendant knowingly exercised dominion and control over the contraband. *Romm*, 455 F.3d at 999. In *Romm*, the Ninth Circuit interpreted the term "possession" and held that "to establish possession, the government must prove a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over [it]." *Id.* (internal citations and quotation marks omitted). The court then found sufficient evidence of possession based on evidence that Romm, who knew the images had been saved to his cache, had exercised dominion and control over child pornography images in his computer's cache by enlarging and then deleting images on his screen and by destroying the copy of the images saved in his cache. *Id.* at 1000-01.

After *Romm*, the Ninth Circuit held in *Kuchinski* and *Flyer* that absent evidence that a defendant exercised dominion and control over child pornography images (as in *Romm*), the mere existence of child pornography in the cache or unallocated space of a computer was insufficient to prove knowing possession. *United States v. Kuchinski*, 469 F.3d 853, 863 (9th Cir. 2006) (insufficient evidence of possession where defendant did not know of the existence of cache files or access them); *United States v. Flyer*, 633 F.3d 911, 919-20 (9th Cir. 2011) (insufficient evidence of possession under pre-2008 statute where defendant did not know of the existence of files in unallocated space on his computer or access them).

In *Kuchinski*, there was no evidence that the defendant, who viewed child pornography on a web page, exercised dominion and control over the images. 469 F.3d at 862-63. As the court explained, "[w]here a defendant lacks knowledge about the cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him with possession and control of the child pornography images located in those files, without some other indication of dominion and control over the images." *Id.* Likewise in *Flyer*, there was no

evidence that Flyer knew of the presence of the files in unallocated space or that he exercised dominion and control over the images by accessing, enlarging, or manipulating them. 633 F.3d at 919. The Ninth Circuit in *Flyer* cited with approval to *United States v. Navrestad*, 66 M.J. 262 (C.A.A.F. 2008). In *Navrestad*, the court of appeals for the armed forces held that there was insufficient evidence of possession where a defendant who had viewed child pornography images on an internet café computer lacked knowledge that the images were being stored in the temporary cache and lacked access to the cache. *Id.* at 267-68.

Romm, *Kuchinski*, and *Flyer* demonstrate that before the 2008 amendment, the government was required to show that a defendant exercised dominion and control over child pornography images found in the cache or unallocated space of a computer to prove possession under 18 U.S.C. § 2252A(a)(5)(B). *Romm*, 455 F.3d at 999. The exercise of dominion and control could be proven by evidence that the defendant enlarged or deleted images displayed on the screen, accessed or deleted the files in the cache, and/or knew that images were being downloaded to and saved to the computer's cache or unallocated space. *See id.* at 1000-01.

## 2. 2008 Amendment

In 2008, in response to *Kuchinski*, Congress amended the possession offense to prohibit "knowingly accessing with intent to view" child pornography. 18 U.S.C. § 2252A(a)(5)(B); s*ee* Enhancing the Effective Child Pornography Prosecution Act of 2007, Pub. L. No. 110–358, § 203(b), 122 Stat. 4001, 4003 (2008). Senate Report No. 110-332 said of the amendment: "This section fills a gap in existing law that has led some courts to overturn convictions of possessors of child pornography. It amends the child pornography possession offense to clarify that it also covers knowingly accessing child pornography on the Internet with the intent to view child pornography. In *United States v. Kuchinski*, the Ninth Circuit ruled that such conduct is not covered by the current possession offense." S. Rep. No. 110-332, at 5 (2008), *available at* 2008 WL 1885750. The amendment

prohibits conduct that *Kuchinski* had held was not prohibited by the statute, namely: accessing the internet to view child pornography. *See United States v. Partin*, 565 F. App'x 626, 626-27 (9th Cir. 2014) (acknowledging that amended statute permits conviction for possession based on accessing with intent to view child pornography.") (cleaned up); *United States v. Lewis*, No. 22-10186, 2024 WL 701006, at *2, *2 n.2 (9th Cir. Feb. 21, 2024), *cert. denied*, 145 S. Ct. 307 (2024) (same).

### 3. There is Sufficient Evidence of Accessing with Intent to View

There is sufficient evidence from which a jury could find that the Defendant possessed child pornography by knowingly accessing the internet with intent to view it.

First, there was evidence presented at trial that Defendant's computer accessed web pages containing child pornography. Detective Harris testified that the child pornography images found in Defendant's computer cache were saved to the cache from webpages displayed on a Microsoft Edge browser. Detective Harris testified that the data sheets of several of the child pornography images found in Defendant's computer cache showed that they originated on certain webpage URLs.

Second, there was evidence presented at trial that Defendant knowingly accessed the internet with the intent to view child pornography. Defendant stated that he had seen child pornography on his computer as recently as that morning. He also admitted that he had "go[ne] through it" and "look[ed] through" the images. (Gov. Exhibit 56.) The Government also presented circumstantial evidence that Defendant intentionally sought out and viewed child pornography images online. Detective Harris testified that his analysis revealed website visits to sites with child pornography related titles, searches for terms indicative of child pornography in June of 2021, and favorited websites containing terms associated with child pornography (including "p.t. girls," "XXX Jailbait and Teen Video Mix,"

9

"Lolicon TGP," "Young Porn," "Dark Net Dolls," and "The Gratis Teen Porno Web Cams").[2] (ECF No. 190 at 71-72.) While images of "teens" might not be child pornography, Defendant admitted having viewed and favorited sites with child pornography in his interview with law enforcement. Defendant mentioned a website containing child pornography being associated with a "strawberry" in his favorites, and Detective Harris testified that a website favorited on June 16, 2021 titled "XXX JAILBAIT & TEEN VIDEO MIX" had a strawberry icon next to the title on the favorites list.  (*Id.* at 73.) Detective Harris also testified that he found no evidence that the virus present on Defendant's computer would generate this type of activity.

Defendant argues that this evidence is insufficient because it reflects mere viewing, the images "popped up," and the searches were remote in time to file creation images admitted at trial. The jury heard conflicting evidence on these issues. Though the Defendant's expert argued that he did not seek out the child pornography and instead that it "popped up" while he was searching for and looking at adult pornography due to a computer virus the jury was free to reject the defense theory and instead conclude based on the evidence presented that the Defendant's actions, and not pop-ups or viruses, caused images of child pornography to appear on web pages on his computer screen.

Defendant also argues that the favorites establish knowledge because they are not clearly child pornography related; they were too remote from the cache file creation; and there is no evidence that any favorited website actually contained child pornography. The jury heard testimony from Detective Harris that favorites are a shortcut to retrieve previously accessed websites, and Defendant admitted that he had child pornography websites saved to his favorites and that he could get to favorited websites "real easy." (Gov. Exhibit 56.) Detective

---

[2] Detective Harris testified that "p.t." refers to "preteen" and "Loli" is a term associated with child pornography.  (ECF No. 190 at 66, 71-72.)

Harris also testified that in his expert opinion, several of the favorited website titles were child pornography related. Based on this evidence, as well as the child pornography images presented to the jury and the testimony that 303 child pornography images were found in Defendant's cache, any reasonable juror could have found that Defendant knowingly accessed the internet with intent to view child pornography.

Defendant further argues that his conviction cannot stand under the holding in *United States v. Dobbs*, 629 F.3d 1199 (10th Cir. 2011), because the Government's circumstantial evidence of Defendant's knowledge and intent (by way of cached images, search history, and favorites) does not directly connect to the images of child pornography submitted to the jury. The circumstances in *Dobbs* are distinguishable. In *Dobbs*, the trial court had excluded all but two images of child pornography from evidence because there was insufficient evidence that the other images had travelled in interstate commerce. *Id.* at 1202. The Court then held that circumstantial evidence of receipt as to those excluded images could not serve as serve as circumstantial evidence as to the two admitted images. *Id.* at 1207. This is not the case here. First, here there is admissible and undisputed testimony that 303 images of child pornography were found in the Defendant's computer cache. While the Court's *in limine* ruling limited the number of images of child pornography that would actually be shown to the jury, the testimony regarding the 303 images found on Defendant's computer was not excluded. (ECF No. 176.) Second, the Government did present circumstantial evidence of Defendant's knowledge and intent which ties directly to the four images submitted to the jury. Each of these images had a last visited date of the morning of September 9, 2021. Defendant admitted in his interview with law enforcement on that same date that he had seen child pornography on his computer that morning, and that he had "go[ne] through" and "look[ed] through" child pornography images. (Gov. Exhibit 56.)

11

Finally, there was evidence of child pornography related activity (favoriting of websites and search and web history) within the three-to-four-month period (June to September 2021) in which Defendant admitted to seeing child pornography. This evidence aligns with the period charged in the superseding indictment. (ECF No. 91.) Because there is sufficient evidence of possession based on accessing with intent to view, the Court need not address whether there is sufficient evidence that the Defendant exercised dominion and control over the images found on his laptop. The Government has acknowledged that there is no evidence that the Defendant had any knowledge of the automatic caching function or of the existence of the files in his cache, as was the case in *Romm*. 455 F.3d at 1000-01. Nor is there any evidence that the Defendant attempted to access or delete images in the cache or unallocated space or that he manipulated the images on his screen, saved the images to his computer, transferred, or deleted images. *See id.* Rather, the facts here more closely align with *Navrestad* and *Kuchinski*. *See Navrestad*, 66 M.J. at 267-68 (defendant accessed the internet to view child pornography images at an internet café without knowing the images were being cached to the computer or having access to that cache); *Kuchinski*, 469 F.3d at 863 (evidence that defendant accessed web pages containing the child pornography images was insufficient to prove knowledge, dominion or control over cached images). The difference is that those cases pre-dated the 2008 amendment which added to the crime of possession the act of knowingly accessing the internet with intent to view, which does not require a showing of exercise of dominion and control. *See Partin*, 565 F. App'x at 627 (addressing possession based on "accessing with intent to view"); *Lewis*, No. 22-10186, 2024 WL 701006, at *2 n.2 (same).

In conclusion, there is sufficient evidence that the Defendant possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) by knowingly accessing the internet with intent to view it. Accordingly, the Court denies his

motion for acquittal as to Count II.

**C. Count I: Receipt of Child Pornography**

Defendant moves for acquittal on receipt of child pornography (Count I) on which the Court declared a mistrial. 18 U.S.C. § 2252A(a)(2) makes it a crime to "knowingly receive[]…any child pornography." The Ninth Circuit in *Romm* defined "receipt" as "knowing acceptance or taking of possession." 455 F.3d at 1001.

The Ninth Circuit has determined that possession of child pornography is a lesser included offense of receipt of child pornography. *United States v. Davenport*, 519 F.3d 940, 944 (9th Cir. 2008); *United States v. Johnston*, 789 F.3d 934, 938 (9th Cir. 2015) (noting that a majority of circuits that have considered the question agree); *see also United States v. Bobb*, 577 F.3d 1366, 1373 (11th Cir. 2009) ("if a person takes receipt of a thing, they necessarily must possess the thing"); *United States v. Ehle*, 640 F.3d 689, 695 (6th Cir. 2011) ("'Receiving' child pornography necessarily requires one to 'possess' that child pornography."); *United States v. Benoit*, 713 F.3d 1, 14 (10th Cir. 2013) ("A defendant cannot knowingly receive a visual depiction of child pornography without simultaneously possessing it.").

After the 2008 amendments, discussed *supra*, the crime of possession now includes knowingly accessing with intent to view. There is no published case law in this circuit and nothing in the statute indicating that the theory of possession—knowing access with intent to view versus knowing possession— matters when determining if a defendant has received child pornography via "knowing acceptance or taking of possession." *Romm*, 455 F.3d at 1001. While a few unpublished cases have acknowledged the fact that possession can now be proved in two ways, none address the interplay of this amendment with charges for receipt. *See Partin*, 565 F. App'x at 627; *Lewis*, 2024 WL 701006, at *2.

The Government argues that the evidence of possession also supports receipt. Defendant argues that there is insufficient evidence of receipt for the

same reasons that the evidence is deficient as to possession, and because there is no evidence that Defendant knew "how" he received the files in his internet cache. Defendant relies primarily on *Dobbs* for this contention. 629 F.3d 1199. In *Dobbs*, the Tenth Circuit held that a defendant could not be convicted of receipt where there was no evidence that the defendant knew that the images were being downloaded to his cache *and* there was no evidence that the Defendant saw the images on his computer, thereby providing him with the ability to control them. *Id.* at 1207. Here, while there is similarly no evidence that Defendant knew that the images were being saved to his cache, there is ample evidence that he saw child pornography images on his computer, as well as searched for and saved child pornography websites to his favorites.

Viewed in the light most favorable to the Government, there is sufficient evidence that the Defendant received images of child pornography. There is sufficient evidence that the Defendant possessed the images by accessing internet with intent to view them. He admitted to viewing the images and saving child pornography websites as "favorites" as short cuts to sites he could return to. Detective Harris's testimony provided evidence that Defendant intentionally sought out child pornography through internet searches and web visit history. Based on this evidence, any reasonable juror could have found that Defendant knowingly accepted or took possession of child pornography, and thereby knowingly received pornography. *Romm*, 455 F.3d at 1001.

### III.    Alternative Motion for a New Trial on Count II

In the alternative, Defendant moves the Court for a new trial under Federal Rule of Criminal Procedure 33 on Count II based on insufficiency of the evidence as well as the significant risk that the jury improperly relied on excluded evidence and statements by the Government during closing arguments at trial.

Under Federal Rule of Criminal Procedure 33(a), a court may, on a defendant's motion, "vacate any judgment and grant a new trial if the interest of

justice so requires." Fed. R. Crim. P. 33(a). In contrast to a motion under Rule 29, "[t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992) (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). A court may grant a new trial under Rule 33 if "the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *Id.* (quoting *Lincoln*, 630 F.2d at 1319). A motion for a new trial is at the discretion of a district judge and should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimental*, 654 F.2d 538, 545 (9th Cir. 1981).

## A. Sufficiency of the Evidence

Defendant first argues that, for the same reason a judgment of acquittal on Count II for possession is warranted under Rule 29, a new trial on Count II is warranted under Rule 33 due to insufficiency of the evidence. The Court disagrees. For the reasons previously stated, the Court finds that there was sufficient evidence for a rational juror to find that the Government proved each element of "knowing access with intent to view" child pornography. "Even evaluating the evidence on its own, and not in the [G]overnment's favor, the Court still concludes that the evidence weighs [ ] in favor of conviction and that the jury conviction was greatly supported." *United States v. Castro*, No. 2:19-CR-00295-GMN-NJK, 2023 WL 4052429, at *7 (D. Nev. June 15, 2023) (citation omitted). This is therefore not an "exceptional case[] in which the evidence preponderates heavily against the verdict." *Pimental*, 654 F.2d at 545.

## B. Discussion of Excluded Evidence

Defendant next argues that a new trial is warranted due to the Government's use of an excluded exhibit at trial. The Court's *in limine* ruling

15

permitted the Government to introduce and show to the jury six specific images of child pornography found in Defendant's computer cache at trial. (ECF No. 176.) The Court specifically excluded one of the Government's proffered images, Exhibit 38a, under Federal Rule of Evidence 403 because it was more prejudicial than probative. (*Id.*) During direct examination of Detective Harris, counsel for the Government showed Exhibit 38a to Detective Harris and asked him to describe the image:

> MR. KEENAN: If I could show the witness Exhibit 38a, just for identification.
>
> THE COURT: Yes.
>
> BY MR. KEENAN:
>
> Q. Are you familiar with that image?
>
> A. Yes.
>
> Q. Was that image found on the ACER hard drive you examined?
>
> A. Yes.
>
> Q. Is it another gif file?
>
> A. Yes.
>
> Q. Could you describe what the gif file shows?
>
> A. Yes. It shows a nude child, probably anywhere from 2 to 4 years of age. It shows an adult male's hand, uh, manipulating the vagina of that child. And
>
> you can see an adult male's penis next to the vagina.
>
> Q. I'll take that back. If you could flip to Exhibit 38b in your binder. What is that?
>
> A. That's the details of that file.
>
> Q. The file I just showed you that's been marked as 38a?
>
> A. Yes.

Q. Is it a fair and accurate screen shot of the details you observed from the data?

A. Yes.

MR. KEENAN: The government would move to admit government's Exhibit 38b.

MR. FREY: Your Honor, I have an objection at this moment. I think that this may be subject to the Court's in limine ruling, if I'm not mistaken. I want to double check.

(ECF No. 190 at 87.) After an objection and discussion outside the presence of the jury, defense counsel moved for a mistrial, which the Court denied. The Court then struck the testimony regarding Exhibit 38a, and Exhibit 38b, the corresponding data sheet from the record, and instructed the jury not to consider it as evidence. (*Id.* at 102-03.)

Defendant argues that an oral description of Exhibit 38a was inadmissible per the Court's *in limine* ruling, and the Government's questioning of Detective Harris was thus in violation of the Court's order. The Government contests this, arguing that the Court's *in limine* ruling did not preclude an oral description of the image but only showing the image itself to the jury, and that any prejudice could have been avoided by a contemporaneous objection.

Even assuming that the oral description of Exhibit 38a was inadmissible per the Court's order, the Court finds that any prejudice resulting from the brief oral description of the image does not rise to the level of a "miscarriage of justice." *Alston*, 974 F.2d at 1211. Albeit slightly delayed, Defense Counsel's objection was sufficient to trigger a ruling. The Court granted the objection and struck Detective Harris's testimony relating to Exhibits 38a and 38b. The jury was instructed not to consider said testimony as evidence, and the exhibits were never discussed again at trial.

Defendant relies on two cases in which the Ninth Circuit reversed a conviction because highly prejudicial evidence was presented to the jury and

emphasized by the prosecution in closing without a limiting instruction. In *United States. v. Merino-Balderrama*, 146 F.3d 758 (1998), the Ninth Circuit held that the trial court erred in permitting jurors to watch pornographic films seized from the trunk of the defendant's car during his trial for possession of child pornography under 18 U.S.C. § 2252(a)(4)(B). As there was no evidence that *Merino-Balderrama* had any knowledge of the film's contents, they were not probative of scienter and created a high risk of unfair prejudice, making the films inadmissible under Rule 403. *Id.* at 762-63. The court found that the prejudicial effect of the improper screening, as well as the ten references made by the prosecution to the films during closing argument, warranted a new trial. *Id.* at 763-64. In *People of Territory of Guam v. Shymanovitz*, 157 F.3d 1154 (9th Cir. 1998), the Ninth Circuit similarly held that the trial court erred in permitting a witness to orally describe the contents of pornographic magazines found in a defendant's home during his trial for child sexual abuse. The court held that the witness's descriptions should have been excluded by the trial court as inadmissible under Rule 403. *Id.* at 1160. The court concluded that witness's detailed testimony as to the contents of magazines portraying gay male pornography, as well as the prosecution's the "untempered and provocative" references to the magazines contents during closing arguments, warranted a reversal. *Id.* at 1161.

In both cases, the district court admitted at trial prejudicial evidence that should have been excluded, the prosecution emphasized that evidence in closing, and the jury was permitted to consider it in rendering a verdict. That did not happen here. The jury never saw Exhibit 38a, which was excluded under Rule 403. After Detective Harris described image, defense counsel objected, the Court immediately struck the testimony and instructed the jury not to consider it as evidence, and neither party mentioned it again. Juries are presumed to follow their instructions. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). The stricken

description of Exhibit 38a was thus not so prejudicial as to amount to a miscarriage of justice warranting a new trial under Rule 33.

### C. Government's Statements at Closing

Defendant argues that the Government made several misstatements of the law during closing arguments. During closing, the Government stated to the jury that the Defendant could be convicted of receipt if he "knowingly received *any* child pornography." (ECF No. 204 at 7) (emphasis added). Defendant argues that this is incorrect because the jury could only convict based on child pornography files admitted into evidence, citing *Dobbs*, 629 F.3d at 1204.

The Government argues in response that this was not a misstatement of the law because the Government was reiterating language from the jury instructions as to the elements for receipt, which Defendant did not object to. Additionally, the Government argues that while Defendant moves for a new trial on Count II, the references made during closing to "any child pornography" pertained to the jury instructions for and elements of Count I—which the jury did not convict on.

The Court agrees. Improprieties in counsels' arguments at closing do not require a new trial unless they are "so gross as probably to prejudice the defendant." *United States v. Rich*, 580 F.2d 929, 936 (9th Cir. 1978) (citation omitted). The Government's statements were a restatement of the jury instruction for the first element of receipt, "[f]irst, that the defendant knowingly received any child pornography or material that contained child pornography." (ECF No. 181 at 14.) These statements also pertained to Count I, on which the jury hung and is not the subject of the motion for a new trial. The Court finds that because these statements properly reflected the jury instructions and pertained to a count on which the jury did not convict, they do not rise to the level of a "serious miscarriage of justice." *Alston*, 974 F.2d at 1211.

In conclusion, the Court finds that this is not an exceptional case in which

the "evidence preponderates heavily against the verdict," nor has a "serious miscarriage of justice" occurred. *Pimental*, 654 F.2d at 545; *Alston*, 974 F.2d at 1211. The Court therefore denies Defendant's motion for a new trial on Count II.

**IV.    Motion to Dismiss Count I**

The Fifth Amendment's Double Jeopardy Clause protects persons from successive prosecutions for the same offense after acquittal or conviction as well as from multiple criminal punishments for the same offense. *United States v. Overton*, 573 F.3d 679, 690 (9th Cir. 2009). Defendant's motion to dismiss Count I argues that because convictions for possession and receipt of child pornography based on the same conduct are multiplicitous and violate the Double Jeopardy Clause, Defendant cannot be re-tried on Count I for receipt after being convicted on Count II for possession. Defendant argues that the Court should avoid this potential multiplicity problem by dismissing Count I before Defendant is re-tried.

Defendant is correct that the Ninth Circuit has held that possession is a lesser included offense of receipt. *Davenport*, 519 F.3d at 947. The Ninth Circuit has also held that entry of a conviction for both receipt and possession based on the same conduct violates the Double Jeopardy Clause. *Johnston*, 789 F.3d at 937. This is because it violates double jeopardy to impose multiple punishments for the same conduct. *Id.* at 938. While there is no dispute that Counts I and II are based on the same conduct and convictions on both counts would violate double jeopardy, that situation has not yet arisen. The Court finds that in the current posture, in which Defendant was charged in a single indictment with both possession and receipt of child pornography and has been found guilty of possession but not yet convicted of that crime, double jeopardy does not bar his retrial after mistrial on the receipt charge (Count I). Further, retrial is permitted because the jury's deadlock on receipt was not an implied acquittal.

**A. Defendant was Convicted of the Lesser Included Offense**

The Double Jeopardy Clause does not bar trial on a greater charge after a

guilty plea or verdict on a lesser included offense charged in a single indictment. *Ohio v. Johnson*, 467 U.S. 493, 500 (1984); *United States v. Hendrix*, 840 F. App'x 180, 182 (9th Cir. 2021). In *Johnson*, the Supreme Court held that a defendant charged in a single indictment with greater and lesser offenses for the same conduct cannot defeat trial on double jeopardy grounds by pleading guilty to the lesser charge. 467 U.S. at 500. The state trial court had dismissed the greater charge on double jeopardy grounds after the defendant pled guilty to the lesser charge, a decision affirmed by the Supreme Court of Ohio. *Id.* at 494. Reversing the dismissal, the United States Supreme Court held that the Double Jeopardy Clause does not prohibit trial on a greater offense after a guilty plea on the lesser offense. *Id.* at 500-02. The Ninth Circuit's decision in *Kuchinski* makes this point in the context of receipt and possession of child pornography. 469 F.3d at 859. In *Kuchinski*, the Ninth Circuit held that trying a defendant for receipt of child pornography after he had pled guilty to the lesser included offense of possession for the same conduct did not violate the Double Jeopardy Clause. *Id.* Citing *Johnson*, the Ninth Circuit held that "[w]hile the Double Jeopardy Clause may protect a defendant against cumulative *punishments* for convictions on the same offense, the Clause does not prohibit the State from *prosecuting* [defendant] for such multiple offenses in a single prosecution." *Id.* (quoting *Johnson*, 467 U.S. at 500). Thus, while it is true that a defendant cannot be *punished* cumulatively for both a conviction of receipt and possession based on the same conduct, he can be *prosecuted* for both counts brought in a single indictment. *See id.*

### B. Defendant was not Impliedly Acquitted on the Greater Offense

The same rule applies when, as is the case here, there was a mistrial and no implied acquittal on the greater offense. *United States v. Carothers*, 630 F.3d 959, 964-65 (9th Cir. 2011); *Hendrix*, 840 F. App'x at 182. In *Carothers*, the Ninth Circuit held that a defendant could be retried after a mistrial was declared on both a lesser included and greater offense. 630 F. 3d. at 964-65. The defendant

was charged with possession of methamphetamine with intent to distribute. *Id.* at 962. At trial the jury was instructed on both possession with intent to distribute (the greater offense) and simple possession (a lesser included offense). *Id.* After the jury announced that it was deadlocked as to the greater offense but had reached a unanimous decision on the lesser included, the state trial court erroneously declared a mistrial as to both. *Id.* at 962-63. The Ninth Circuit held that the improper mistrial did not have the issue-preclusive effect of an acquittal and thus did not bar retrial on the greater offense. *Id.* at 964-65.

The Ninth Circuit reached the same conclusion in an unpublished decision in *Hendrix,* holding that a guilty verdict on a lesser included offense did not bar retrial of the greater offense on which the jury was hung. 840 F. App'x at 182. After the jury indicated that it was struggling to reach a unanimous verdict, the district court instructed the jury to complete only the portions of the verdict form on which it was able to reach unanimous agreement. *Id.* at 182. The jury returned a guilty verdict on possession of a controlled substance (the lesser included offense) but was unable to reach a verdict on the charge of possession with intent to distribute (the greater offense). *Id.* at 181-82. The court held that double jeopardy did not prohibit re-prosecution on the greater offense. *See id.* In so holding, the court rejected the argument that a jury's deadlocking on the greater offense count amounted to an implied acquittal, which is the case only where "a jury returns a guilty verdict as to a lesser included or lesser alternate charge, but remains silent as to other charges, *without announcing any signs of hopeless deadlock.*" *Id.* at 182 (quoting *United States v. Jefferson*, 566 F.3d 928, 935 (9th Cir. 2009)); *see also United States v. Bordeaux*, 121 F.3d 1187, 1193 (8th Cir. 1997) ("[We] hold that where the jury expressly indicates that it is unable to reach an agreement on the greater charge, a conviction on a lesser included offense does not constitute an implied acquittal of the greater offense and presents no bar to retrial on the greater offense.").

22

There was also no implied acquittal here. Rather, because there was manifest necessity for the discharge of the proceeding, there is no double jeopardy violation in re-trying Defendant on Count I. "A district court may declare a mistrial without violating the prohibition against double jeopardy when there is a manifest necessity for the discharge of the original proceeding." *United States v. Hernandez-Guardado*, 228 F.3d 1017, 1029 (9th Cir. 2000) (citing *Arizona v. Washington*, 434 U.S. 497, 509 (1978). "A hung jury is the classic example of manifest necessity." *Id.* Here, the jury convicted Defendant on the lesser included offense of possession of child pornography but could not reach a verdict on the greater offense of receipt of child pornography. The Court properly determined that the jury was deadlocked after receiving a note from the jury during deliberations stating, "Please advise as we are not in agreement on Count One. But we are in agreement of Count Two. We are unable to come to a conclusion." (ECF No. 186-1 at 6.) The Court responded with a note to the jury asking "1. Is the jury unable to come to a unanimous verdict on Count I?" to which the foreperson responded, "Yes we are unable," and "2. If so, would further deliberations be helpful to come to a unanimous verdict on Count I?" to which the foreperson responded, "No." (*Id.* at 7.) The Court then instructed the jury "If the jury is not able to come to a unanimous decision on Count I, the jury may complete the verdict form as to Count II only." (*Id.* at 8.) Here, like in *Hendrix*, the jury deadlocked and did not impliedly acquit Defendant of the charge of receipt. *See* 840 F. App'x at 182. Thus, retrial on receipt does not violate double jeopardy. For this same reason, Defendant's reliance on *United States v. Powell,* 469 U.S. 57 (1984) is inapposite. There, the Supreme Court held that if separate indictments are presented against a defendant for the same conduct, are separately tried, and the defendant is acquitted on one, the doctrine of collateral estoppel prevents trial on the second. *Id.* at 64. Here, Defendant was not acquitted on either charge.

**C. Defendant was Charged in a Single Indictment**

At this junction, there is no multiplicity issue. Although *conviction* for both possession and receipt of child pornography based on the same conduct would be multiplicitous, here retrial on receipt does not offend the Double Jeopardy Clause. Defendant argues that if he had been charged with receipt and possession of child pornography in two separate indictments, a conviction or plea on one would preclude subsequently trying him on the other, citing to *United States v. Carpegna*, 349 F. App'x 125 (9th Cir. 2009), and that there is no reason to treat the current circumstances differently. However, the situation here is treated differently for double jeopardy purposes under Supreme Court precedent. In *Johnson*, the Supreme Court held that determination of guilt and punishment on a lesser offense did not bar trial on a greater offense charged in the same indictment. 467 U.S. at 501. The Court distinguished a scenario that does violate double jeopardy, namely, when a defendant is charged by separate indictment after being convicted or acquitted on a prior indictment for the same conduct. *Id.* at 501-02 (citing *Brown v. Ohio*, 432 U.S. 161 (1977). The circumstances of this case are akin to *Johnson.* Defendant was charged in a single indictment with two counts, found guilty of one, and the Government is not barred from continuing to prosecute the remaining count.

In sum, Defendant asks the Court to cure a potential multiplicity problem which has not yet arisen. As discussed above, the jury's guilty verdict on a lesser included offense of a multi-count indictment does not bar re-trial on the greater offense on which the jury was hung. The Court finds that in the current posture, the Double Jeopardy Clause does not bar re-trying Defendant on Count I.

**V.    Conclusion**

It is therefore ordered that Defendant's motion for judgment of acquittal, or in the alternative, for a new trial (ECF No. 194) is DENIED.

1    It is further ordered that Defendant's motion to dismiss Count I (ECF No.

2    196) is DENIED.

3    Dated this 21st day of April 2025.

4

5    _____

6    ANNE R. TRAUM
     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28