UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br>v.<br><br>KURTIS LEE SOLOMON,<br><br>              Defendant. | Case No. 3:22-CR-00022-ART-CSD<br><br>WRITTEN ORDER ON GOVERNMENT'S MOTION TO CONTINUE SENTENCING<br>(ECF No. 238) |

The Government filed a motion to continue Defendant's sentencing hearing for his conviction on Count II, currently scheduled for May 14, 2025, until after retrial on Count I. (ECF No. 238.) Defendant opposed a continuance. (ECF No. 240.) On May 8, 2025, the Court issued a minute order granting the Government's motion and stating that a written decision with the Court's reasoning would follow. (ECF No. 241.) The Court's reasoning for granting the Government's motion to continue Defendant's sentencing is discussed below.

I. **Background**

The superseding indictment in this case charged Defendant with Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (Count I), and Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) (Count II). After a six-day trial in December 2024, the jury returned a verdict of guilty on Count II for possession. The jury was not able to come to a unanimous verdict as to Count I for receipt, resulting in a mistrial on that count. A second trial on Count I is scheduled to begin on November 17, 2025, per the parties' stipulation. Defendant is currently released on bond.

II. **Federal Rule of Criminal Procedure 32**

Federal Rule of Criminal Procedure 32(b)(1) requires that "[t]he court must impose sentence without unnecessary delay." Pursuant to subsection (b)(2), "[t]he court may, for good cause, change any time limits prescribed in this rule."

### III. Double Jeopardy Clause

The Fifth Amendment's Double Jeopardy Clause protects persons from successive prosecutions for the same offense after acquittal or conviction as well as from multiple criminal punishments for the same offense. *United States v. Overton*, 573 F.3d 679, 690 (9th Cir. 2009). Regarding federal criminal offenses involving child pornography, the Ninth Circuit has held that possession is a lesser included offense of receipt, and that entry of a conviction for both receipt and possession based on the same conduct violates the Double Jeopardy Clause. *United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008); *United States v. Johnston*, 789 F.3d 934, 937 (9th Cir. 2015). Here, because Defendant was indicted for both possession and receipt based on the same conduct, an entry of conviction for both Counts I and II would violate double jeopardy. When a defendant is convicted of both possession and receipt of child pornography based on the same conduct, the sentencing court must vacate one of the convictions so as not to offend the Double Jeopardy Clause. *See United States v. Hector*, 577 F.3d 1099, 1104 (9th Cir. 2009) (district court must exercise discretion to determine which conviction should be vacated); *United States v. Schales*, 546 F.3d 965, 980–81 (9th Cir. 2008) (remanding convictions based on the same conduct to district court to vacate either possession or receipt conviction). The parties agree that here, should Defendant be convicted at retrial on Count I, the Court will be required to vacate one of the convictions.

### IV. Analysis

The Government argues that Defendant's pending retrial on Count I, scheduled for November 17, 2025, presents "good cause" under Rule 32(b)(2) to delay sentencing on Count II until after said retrial. If Defendant is convicted on Count I at his second trial, the Court will be required to exercise its discretion in determining which count to vacate. Thus, there is "good cause" to continue his sentencing date on Count II until after his retrial on Count I because both counts

will then be resolved. The Government also points to several cases from other circuit courts holding that it did not violate Rule 32 or the Sixth Amendment right to a speedy trial to delay a sentencing until other pending counts or prosecutions against a defendant were resolved. *U.S. v. Tortorello*, 391 F.2d 587, 589 (2nd Cir. 1968); *see also Brooks v. U.S.*, 423 F.2d 1149, 1152 (8th Cir. 1970) (collecting cases).[1]

The Court finds that there is good cause to continue Defendant's sentencing on Count II until after he is retried on Count I. In *Tortorello*, the defendant plead guilty to one of several counts of an indictment. 391 F.2d at 588. The district court granted the government's motion to continue sentencing until after trial on the remaining counts and of other co-defendants. *Id*. The government never prosecuted the other charges against defendant and eventually dropped them. *Id*. The defendant was ultimately sentenced two and a half years after his guilty plea. *Id*. The Second Circuit held that even though the delay ended up being unnecessary, there was "no reason to believe that the government did not act diligently and in good faith in not deciding until the time of the trial of his co-conspirators not to press the remaining counts against appellant." *Id*. at 589. Thus, the district court was justified in continuing sentencing until resolution of the remaining pending counts. *Id*.

Similarly here, continuing sentencing until the resolution of Count I is justified because whether or not Defendant is convicted at retrial may inform this Court's sentencing decision. Defendant argues that the Court can and should exercise its discretion now by imposing sentence on the possession charge (Count

---

[1] When these cases were decided, the Supreme Court had not yet decided whether the Sixth Amendment speedy trial right applied to the phase between adjudication of guilt and imposition of sentence. The Supreme Court has since held that the speedy trial right does not apply once a defendant has been found or pleaded guilty, but that a defendant may be able to seek recourse for an inordinate delay in sentencing under the Due Process Clauses of the Fifth and Fourteenth Amendments. *Betterman v. Montana*, 578 U.S. 437, 447 (2016).

II) and dismissing the receipt charge (Count I) in lieu of retrial. It is clear from *Hector* that if the Defendant is convicted of both counts, the Court can only impose sentence on one of them and must exercise its discretion to elect which one. 577 F.3d at 1101 ("[W]e must reverse and remand if the district court allowed the prosecutor to dictate a choice that should have been made by the court. If a double jeopardy violation occurs, '"the only remedy consistent with the congressional intent is for the District Court, where the sentencing responsibility resides, to exercise its discretion to vacate one of the underlying convictions."'") (quoting *Schales*, 546 F.3d at 980). Defendant further argues that the 18 U.S.C. § 3553(a) sentencing factors support this approach because the Court is already familiar with the evidence, which will be repeated at the retrial on the receipt charge, and other facts support dismissal of that charge, including the nature of Defendant's conduct, Defendant's advanced age, low likelihood of recidivism, and role as the sole provider and caregiver for his wife, who is disabled and wheelchair bound. While those facts would be relevant to election, Defendant has not cited any case law in which a district court made that election in the situation at hand, when the defendant has been found guilty of one count and still faces retrial on the other. Even assuming the Court could properly dismiss the receipt charge now, the Court declines to do so because the outcome of the retrial that charge is relevant to sentencing and any election.

//
//
//
//
//
//
//
//

4

**V.    Conclusion**

It is therefore ordered that the Government's motion to continue sentencing (ECF No. 238) is GRANTED.

It is further ordered that the sentencing hearing currently scheduled for May 14, 2025, is VACATED. A hearing on sentencing will be scheduled after the conclusion of trial on Count I.

Dated this 12th day of May 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE